IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN THE MATTER OF:

| | |
|---|---|
| AUTUMN A. BENNETT,<br>    Debtor. | CHAPTER 13<br>CASE NO. 19-01607-RLM-13 |

ADDRESS:   1328 E Gilbert St.
           MUNCIE, IN 47305

---

| | |
|---|---|
| AUTUMN A. BENNETT,<br>    Plaintiff, | Adv. Proc. No. 19-50081 |

          versus

ADMIRALS BANK
ATTN: HIGHEST OFFICER
579 Boylston Street
Boston, MA 02116
          Defendant.

Amended Complaint of the Debtor Pursuant to 11 U.S.C. Section 506(a)
and Bankruptcy Rule 3012 to Determine the Value of
Security and Creditor's Allowed Secured Claim

### Introduction

This is an action brought by the Plaintiff pursuant to 11 U.S.C. Section 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the Defendant in the residential real estate of the debtor and determine the amount of the allowed secured claim of the Defendant.

### Jurisdiction

1.     The Plaintiff alleges that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2.     The Plaintiff consents to entry of final orders or judgment by the Bankruptcy Court on all issues plead in the instant Complaint or otherwise raised in the course of the above-captioned adversary proceeding.

3. The Plaintiff further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28.

## The Base Case and Parties

4. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition under Chapter 13 with the Clerk on March 15, 2019.

5. An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. This order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code.

6. The plan has not yet been confirmed.

7. The Defendant has filed no objection to confirmation of the plan in this case.

8. The Defendant is, upon information and belief, an entity engaged in the business of consumer credit lending in the State of Indiana, and which maintains a principal place of business in some state other than the State of Indiana.

## Factual Allegations

9. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of Admirals Bank. The Debtor believed and therefore alleged in her Petition and Schedules that there was no equity in her residential real estate to which the second mortgage could secure at the time that the loans were made and, therefore, provided for the claim to be paid as an unsecured claim under the terms of the Chapter 13 Plan.

10. The Plaintiff alleges that at the time she filed this bankruptcy petition on March 15, 2019, and at the present time, the value of her interest in the said residential real estate was and is approximately $15,000.00.

11. The subject real estate is located at 1328 E Gilbert St., Muncie, IN 47304 with a legal description as follows:

Legal Description of Debtor's Residence:

> That portion of land situate in the Southeast Quarter of Section 10, Township 20 North, Range 10 East of the Second Principal Meridian in Delaware County, Indiana being described as follows: Considering the West line of Wolfe Street as bearing North 00 09'38" West with all other bearings herein contained relative thereto: Beginning at the intersection of the West line of Wolfe Street with the North line of Gilbert Street; thence on the North line of Gilbert Street North

> 89°50'32" West 145.00 feet to a set rebar being the true place of beginning; thence North 00°09'38" West 236.00 feet to a set rebar; thence South 89°50'32" East 85.0 feet to a set rebar; thence South 00°09'38" East 236.00 feet to a set rebar on the North right of way line of Gilbert Street; thence on said North line South 89°50'32" East 10.00 feet to a set rebar; thence North 00°09'38" West 246.00 feet to a set rebar on the extension of the North line of the land described in Deed Record Book 340 Page 10 and Deed Record Book 1980 Page 1203; thence on said North line and the extension thereof North 89°50'32" West 140.00 feet to a set rebar on the West line of the land described in Deed Record Book 340 Page 10; thence on said West line South 00°09'38" East 246.00 feet to a set rebar on the North line of Gilbert Street; thence on said North line South 89°50'32" East 45.00 feet to the true place of beginning containing 0.33 acres and being subject to all easements and right of ways.

Description of Debtor's Non-exclusive Easement over Adjoining Real Estate:

> That portion of land situate in the Southeast Quarter of Section 10, Township 20 North, Range 10 East of the Second Principal Meridian in Delaware County, Indiana being described as follows: Considering the West line of Wolfe Street as bearing North 00 09'38" West with all other bearings herein contained relative thereto: Beginning at the intersection of the West line of Wolfe Street with the Northline of Gilbert Street; thence on the North line of Gilbert Street North 89°50'32" West 145.00 feet to a set rebar; thence North 00 09'38" West 108.37 feet to a set rebar at the true place of beginning thence continuing North 00°09'38" West 127.63 feet to a set rebar, thence South 89 50'32" East 17.04 feet to a set rebar; thence South 00°09'38" East 127.63 feet to a set rebar thence North 89°50'32" West 17.04 feet to a true place of beginning containing 0.05 acres and being subject to all easements and right of ways.

12. The Plaintiffs interest in her residential real estate is subject to a first mortgage lien arising out of a mortgage in favor of Star Financial Bank, in the amount of $23,076.65.

13. The lien securing the second mortgage of Admirals Bank is junior to the first mortgage listed above as owing to Star Financial Bank.

14. The Plaintiff alleges that there was no equity in her home at the time the second mortgage loan was written, and therefore the Defendant has no secured interest for the loan associated with the second mortgage on the subject real estate.

15. Pursuant to 11 U.S.C. Section 506(a), the Defendant has no allowable secured claim regarding the claim for the second mortgage loan on the subject real estate.

16. Any timely filed claim of the Defendant's for the second mortgage loan is allowable only as an unsecured claim and to the extent that no such claim is filed, the Defendant has no claim against this estate.

**WHEREFORE,** the Plaintiff respectfully prays of the Court as follows:

A. That this Court determine that the Defendant has no secured interest for the loan secured by the second mortgage on the residential real estate of the Debtor;

B. That this Court order the Defendant to cancel the second mortgage lien on the residential real estate of the Debtor pursuant to 11 U.S.C. Section 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the Debtor within 20 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

C. That this Court direct the Trustee that any timely filed proof of claim of the Defendant for the second mortgage lien be treated as an unsecured claim under the plan;

D. That the Plaintiff have such other and further relief as to the Court may seem just and proper.

Dated this the 5th day of April, 2019.


/s/ John B. LaRue  14018-18
John B. LaRue
Law Offices of John B. LaRue, P.C.
Attorney for the Plaintiffs
4910 N. Wheeling Ave.
Muncie, IN  47304
765.287.1717
e-mail: bankruptcy@johnblarue.com